¶ 22 I concur in the majority's analysis and disposition with respect to the charge of improperly discharging a firearm at or into a habitation. I would buttress that conclusion by also finding the evidence failed to establish appellant fired the firearm "without privilege to do so."
 {¶ 23} I respectfully dissent from the majority's decision to affirm appellant's conviction for felonious assault. I agree the record supports a finding appellant acted knowingly. However, the fact appellee returned to the argument giving rise to a probable result the gun might go off, does not demonstrate appellant caused or attempted to cause physical harm to his wife by means of the gun. There is no evidence appellant pointed the gun at his wife or attempted to shoot, or otherwise injure his wife with the gun. Whether appellant would have done so (but for the intervention of his son) is purely speculative. The fact the weapon discharged twice (whether accidentally, recklessly, or knowingly) during the scuffle with his son, does not equate to an attempt to cause harm to his wife. Though appellant may be guilty of aggravated menacing, I find the facts herein do not support a conviction of felonious assault.